# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
                                  :   No. 274 C.D. 2017
          v.                  :
                                  :   Submitted: April 20, 2018
Amanda Confer               :
                                  :
Appeal of: Lycoming County   :
Controller's Office             :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED: July 17, 2018

The Lycoming County Controller's Office (Controller) appeals from the January 17, 2017 order of the Court of Common Pleas of Lycoming County (trial court) directing the Controller to reimburse Luke Ellison all costs, fees, and taxes expended in the replacement of his work pants.

The following facts are garnered from the trial court's May 1, 2017 opinion, as well as the original record submitted by the trial court. Ellison worked as an Adult Probation Officer for Lycoming County. Ellison, in the course of performing his duties and chasing a criminal defendant, Amanda Confer, tore his work pants. Ellison subsequently sought reimbursement in the amount of $60.00 for new work pants from Lycoming County's Human Resources Department (HR) and submitted a receipt from Rogers Uniforms for that amount. Although not entirely clear in the

record, it appears that HR forwarded the receipt to the Controller for payment. By email dated January 6, 2017, Krista Rogers, Lycoming County's Controller, responded that such payment could not be approved, noting that compensation for personal clothing is generally not payable unless required by union contract. That same day, Ed McCoy, the chief of Lycoming County's Adult Probation Office, responded to Rogers that the expense would be reimbursed by Defendant Confer as restitution and that Ellison should not have to pay for pants that he tore while chasing a defendant in the scope of his employment. On January 10, 2017, McCoy emailed the President Judge of the trial court suggesting that the cost of the pants be paid out of a restitution fund or that she order such payment from "Act #35."[1] (Trial court's Supplemental Opinion, 6/7/17, Exhibit 2c.)

---

[1] The term "Act #35" appears to reference the County Offender Supervision Fund, which was established by section 4(a) of the Crime Victims Act, and provides, in pertinent part, as follows:

> The county treasurer of each county shall establish and administer a county offender supervision fund consisting of the fees collected under this section. The county treasurer shall disperse money from this fund only at the discretion of the president judge of the court of common pleas. The money in this fund shall be used to pay the salaries and employee benefits of all probation and parole personnel employed by the county probation and parole department and the operational expenses of that department. Money from this fund shall be used to supplement Federal, State or county appropriations for the county adult probation and parole department. The president judge shall by August 31 provide the board with an annual statement which fully reflects all collections deposited into and expenditures from the offender supervision fund for the preceding fiscal year. The board shall promulgate regulations to provide for the permanent administration of this program.

Act of August 14, 1991, P.L. 331, No. 35, *as amended*, 18 P.S. §11.1102(a).

One week later, on January 17, 2017, the trial court appears to have *sua sponte* entered an order directing the Controller to reimburse Ellison for all costs, fees, and taxes expended in the replacement of his work pants from the County Offender Supervision Fund as an operational expense of the Adult Probation Office. This order was entered on the docket of the criminal matter involving Defendant Confer at *Commonwealth of Pennsylvania v. Confer*, trial court number CR-736-2016, on January 26, 2017. The Controller filed a motion for reconsideration on February 8, 2017. By order entered February 16, 2017, the trial court denied this motion. The Controller thereafter filed appeals with both this Court and the Superior Court.[2]

The trial court then directed the Controller to file a concise statement of errors complained of on appeal. The record contains no such statement or any indication that one was filed. On May 2, 2017, the trial court issued an opinion in support of its order pursuant to Pa.R.A.P. 1925(a)(1). In this opinion, the trial court first stated that it was treating the Controller's motion for reconsideration as a post-trial motion which, in a criminal matter, must be filed within 10 days after imposition of sentence. *See* Pa.R.Crim.P. 720(A)(1). Given that its order was entered on January 26, 2017, the trial court noted that any post-trial motion had to have been filed by February 6, 2017. Because the Controller did not file its motion for reconsideration/post-trial motion until February 8, 2017, the trial court concluded that the motion was untimely.

Alternatively, the trial court addressed the merits of the Controller's appeal. The trial court first noted its discretion to disperse monies from the County Offender Supervision Fund for operational expenses under section 4(a) of the Crime

---

[2] By order dated May 11, 2017, the Superior Court transferred the matter to this Court. However, in light of the concurrent appeal already filed with this Court, we discontinued the transferred appeal by order dated May 18, 2017.

Victims Act. The trial court cited regulations addressing the County Offender Supervision Fund, which provide that the "county treasurer/chief financial officer shall disperse moneys from this fund only at the discretion of the president judge of the court of common pleas" and that such funds shall be used to cover, *inter alia*, "operational expenses" of the adult probation and parole departments. 37 Pa. Code §68.52(a). The trial court explained that the term "operational expenses" is not defined in the regulations, but noted that "an operating expense is a cost of doing business." (Trial court op., 5/2/17, at 3.) While Lycoming County does not pay for uniforms for adult probation officers in the normal course of business, the trial court stated that "the payment for employment related clothing in this circumstance was lawful" and authorized under Lycoming County Human Resources Policy Number 511.[3] *Id.*

The trial court further explained that adult probation officers "must wear heavy duty trousers while working," "are required to carry various pieces of equipment on their persons, including a gun," and "typically wear . . . tactical-type pants that are durable and have several pockets for supplies." *Id.* Because Ellison's work pants "were specifically damaged by Defendant [Confer] while . . . detaining Defendant pursuant to his job," the trial court concluded that the work pants represented an operational expense and were appropriately deemed a subject of reimbursement from the County Offender Supervision Fund. *Id.*

Upon review of the trial court's May 2 opinion and the original record transmitted in this matter, it became apparent that the same was insufficient for purposes of effective appellate review. Hence, by order dated May 18, 2017, this Court directed the trial court to file a supplemental record detailing the manner in which the Adult Probation Office made the request for reimbursement, the lack of a transcript of

---

[3] The Lycoming County Human Resources Policy is not included in the record herein.

4

the proceedings below, how the Controller became a party to a criminal proceeding, and the basis upon which the trial court treated the Controller's motion for reconsideration, with the Controller being a non-party, as a motion for post-trial relief in a criminal matter.

In a supplemental opinion dated June 7, 2017, the trial court explained that it incorporated an ancillary matter, reimbursement for Ellison's work pants, into the criminal proceedings because counsel for the Controller filed the appeal to the underlying criminal docket. The trial court noted its belief that Defendant Confer would reimburse Lycoming County for the cost of the work pants as restitution.[4] As to the manner in which the Adult Probation Office made the request for reimbursement, the trial court attached exhibits to its order, including Ellison's receipt for the purchase of new work pants and the emails addressed above, *i.e.*, the Controller's January 6, 2017 email denying reimbursement, McCoy's January 6, 2017 email stating his belief that Ellison should not have to pay for the new work pants, and McCoy's January 10, 2017 email to the President Judge suggesting that she issue an order directing reimbursement from the County Offender Supervision Fund. The trial court noted that there was no transcript as the request was made orally on the record in a courtroom. The trial court further cited to an email from the Controller on January 10, 2017, indicating that no payment shall be made without an order of court and McCoy's email of the same date suggesting that the President Judge issue such an order.

Upon review of the trial court's supplemental opinion, by order dated July 6, 2017, this Court directed the parties to address in their principal briefs on the merits the appealability of the trial court's February 16, 2017 order and the issue of whether the Controller has preserved any issues for appellate review. Following an extension,

---

[4] The trial court did not cite to, nor could this Court find in the record, any order directing such restitution by Defendant Confer.

5

the Controller filed a brief on September 18, 2017. Given the procedural irregularities in this matter, there was no appellee herein and, hence, no responsive brief was filed.

On appeal, the Controller argues that its motion to reconsider and notice of appeal were timely filed and that the trial court's January 17, 2017 order was a final, appealable order. Additionally, the Controller argues that the trial court erred by *sua sponte* issuing an order under a criminal docket number directing that reimbursement be made to Ellison from the County Offender Supervision Fund.

We begin with this last argument by Controller, with which this Court agrees. The Controller was not a party to the underlying criminal matter; rather, the criminal matter merely involved the Commonwealth of Pennsylvania and Defendant Confer. The current matter was of a civil nature initiated by Ellison's request for reimbursement from Lycoming County's HR department. Also, other than emails, the trial court fails to reference, nor does the record reveal, the specific manner in which the matter of reimbursement was brought before the trial court.[5] In addition, while the trial court concluded in its May 2, 2017 opinion that such reimbursement was allowable under Lycoming County Human Resources Policy Number 511, the policy is not included in the record and, hence, we cannot determine whether this policy sets forth a specific procedure to obtain the type of reimbursement sought herein, let alone whether any such policy was followed. In this regard, the trial court did note that Lycoming County does not pay for uniforms for adult probation officers in the normal course of business. For these reasons, we must conclude that the trial court erred by *sua sponte*

---

[5] The trial court, in its June 7, 2017 supplemental opinion, alludes to an oral request being made on the record in a courtroom. However, the trial court does not provide, nor does the original record reveal, any further details as to whom made the request or the context of the proceeding in which such request was made.

issuing an order under a criminal docket number directing the Controller to reimburse Ellison for new work pants from the County Offender Supervision Fund.

Accordingly, the order of the trial court is reversed.


_____
PATRICIA A. McCULLOUGH, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
                                 :   No.  274 C.D. 2017
              v. : 
                                 : 
Amanda Confer : 
                                 : 
Appeal of:  Lycoming County : 
Controller's Office : 

# *ORDER*

AND NOW, this 17th day of July, 2018, the order of the Court of Common Pleas of Lycoming County, dated January 17, 2017, is hereby reversed.

_____
PATRICIA A. McCULLOUGH, Judge